FILED
SUPERIOR COURT
OF GUAM

2019 APR 25 PM 2: 19

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0157-19 |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | **DECISION AND ORDER** |
| | ) | **DENYING DEFENDANT'S MOTION** |
| IVAN WIA, | ) | **AND APPLICATION FOR BAIL** |
| DOB: 09/19/1986, | ) | **REDETERMINATION** |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on April 16, 2019 for a hearing on Ivan Wia's ("Defendant") Motion for and Application for Bail Redetermination Hearing under 8 GCA § 40.50 for Release on Personal Recognizance (hereinafter "Motion for Release on Personal Recognizance"). Defendant was present and represented by Assistant Public Defender Kristine Borja. The People of Guam (the "People") was represented by Assistant Attorney General Thomas Neuman. The Court ruled from the bench DENYING Defendant's Motion for Release on Personal Recognizance. The Court now issues this Decision and Order memorializing its ruling and in compliance with 8 GCA § 40.50(a).[1]

//

//

---

[1] The statute requires that "[u]nless the conditions of release are amended and the person is thereupon released, the judge shall set forth in writing the reasons for requiring the conditions imposed."

## Background

Defendant is charged with AGGRAVATED ASSAULT (as a 3rd Degree Felony). Indictment (Mar. 25, 2019). The Defendant was allegedly seen standing with clenched fists and punching the alleged victim while the alleged victim was unconscious. The alleged victim purportedly suffered several injuries including a one-inch laceration on top of his head and swelling and laceration to his right eyebrow area.

Defendant is confined pending the posting of Five Thousand Dollars ($5,000) cash bail. On April 11, 2019, the Defendant moved for his release on personal recognizance. The government did not file a written opposition to the motion, but did state their oral non-opposition at the hearing held on April 16, 2019.

## Discussion

Guam law provides that the Court must "order the person charged to be released on recognizance, *unless the judge determines,* in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b) (emphasis added). In making such a determination, the Court is guided by the following factors:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    A. length of his/her residence on Guam;
    B. his/her employment status and history, and financial condition;
    C. his/her family ties and relationships;
    D. his/her reputation, character, and mental and physical condition;
    E. his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
    F. his/her history relating to drug or alcohol abuse;
    G. the identity of the reasonable members of the community who will vouch for his/her reliability;

H. whether, at the time of the current offense or arrest, he/she was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence of an offense under federal, state or local law; and

I. his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; ...

(6) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

*Id.* However, "where the judge determines that release of the person charged on his/her own recognizance will not reasonably assure his/her appearance as required, or will endanger the safety of any other person or the community, *the judge shall impose the least onerous of condition*" provided in the statute. 8 GCA § 40.20 (emphasis added). If no single condition gives that assurance, the judge shall impose *the least onerous combination of conditions* provided in the statute. *Id.* (emphasis added). These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in court;

(b) placement of restrictions on the activities, movements, associations, and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he/she return to custody at specified times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community

The Court acknowledges the government's non-opposition to the instant motion. However, the Court is greatly concerned with the Defendant's non-compliance in CF0502-13 wherein the Defendant evaded a warrant issued in 2013. Notably, the Defendant was on pre-trial release for CF0502-13. The Defendant was only apprehended on that warrant upon his arrest in the instant case. Further, Defendant's initial interview with the Probation Services revealed that

the Defendant utilizes several aliases including: Anter Wia, Kansto Wai, Kanstew Tie, and Ivan Wia. Defendant also utilizes several dates of birth: 09/15/1988, 09/19/1986, 09/15/1987, and 09/14/1987. The combined information concerns the Court that should defendant be released upon his personal recognizance, without more, the Defendant's release will not reasonably assure his appearance as required and/or will endanger the safety of the community.

The Court finds that the least onerous condition in this case is the execution of a bond in an amount previously determined by the Magistrate Judge or release upon *appropriate* third party custodians who agree to supervise the Defendant and to assist him in appearing in court.

## Conclusion

For the reasons stated above, the Court DENIED Defendant's Motion and Application for Bail Redetermination.

**SO ORDERED** this _____ APR 25 2019 _____, *nunc pro tunc* to April 16, 2019.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
OHBUS
2) MSC
Date: 4/25/19 Time: 2:20
Deputy Clerk, Superior Court of Guam